IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| ANTHONY D. DREHER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ZACHARY L. DAVIS, *et al*. | : | |
| | : | No. 22-4616 |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION**

**PAMELA A. CARLOS**                                                                                           **June 24, 2024**
**U.S. MAGISTRATE JUDGE**

This case involves personal injuries sustained by Plaintiff Anthony D. Dreher ("Mr. Dreher") following a motor vehicle accident between Mr. Dreher and a commercial tractor trailer operated by Defendant Zachary L. Davis ("Mr. Davis") at the alleged direction, control, and auspices for Defendant Kevin's Produce, Transfer, LLC ("Kevin's Produce") (collectively, "the Defendants"). Plaintiff's Complaint alleged that Mr. Davis negligently caused the aforementioned accident and that Kevin's Produce negligently entrusted Mr. Davis with the operation of the vehicle involved. On June 16, 2023, Defendants filed a joint Answer to the Complaint generally denying liability for the loss and damages.

Since inception, Mr. Davis has been an active participant in the instant litigation, having responded to Plaintiff's discovery requests and having been deposed by Plaintiff on December 18, 2023. The same, however, cannot be said of Kevin's Produce, who has failed to honor its discovery obligations and has already once disregarded this Court's earlier Order

1

compelling them to provide full and complete responses to Plaintiff's discovery requests and to appear for a deposition in May 2024.

Given this, Plaintiff has now moved for sanctions against Kevin's Produce, arguing that the Court should strike its Answer and defenses. For the reasons that follow, Plaintiff's Motion will be **Denied in-part** and **Granted in-part.**

I.     BACKGROUND

On February 24, 2021, counsel for Plaintiff sent a preservation letter to Kevin's Produce demanding that it preserve certain documents, materials, and evidence concerning the above-referenced accident that had occurred just eight days prior. *See* Doc. No. 39-2 at 2 (citing Doc. No. 39-3). Plaintiff then commenced this lawsuit on November 18, 2022, *see* Doc. No. 1, and Kevin's Produce filed its Answer on June 16, 2023. *See* Doc. No. 12. On February 22, 2023, Plaintiff's counsel sent a formal discovery request for those documents described in the prior preservation letter. *See* Doc. No. 39-2 at 2 (citing Doc. No. 39-6). On January 3, 2024, Plaintiff's counsel sent supplemental discovery to Kevin's Produce. *See id.* (citing Doc. No. 39-7). Shortly thereafter, on January 18, 2024, the depositions of two corporate representatives and principals of Kevin's Produce, Kevin Secotte and Ashley Secotte ("Mr. and Mrs. Secotte"), were noticed for February 15, 2024. *Id.* (citing Doc. No. 39-8).

Despite the above-described efforts of Plaintiff, Kevin's Produce entirely failed to participate in the discovery process. On February 16, 2024, the Parties submitted a Joint Status Report to the Court. *See* Doc. No. 39-9. Counsel for Kevin's Produce reported that "Kevin Secotte remains elusive," and that "[a]ny attempts to reach him via email or phone-call have been met with unresponsiveness." *Id.* at 3. Defense counsel explained that Kevin Secotte disclaimed any knowledge of the lawsuit and that he had never received the Complaint. *Id.* Indeed, defense counsel

2

further explained that he did not believe it was likely that Mr. Secotte would return his calls or texts now that he knows his number. *Id.*

On March 18, 2024, counsel for Plaintiff advised the Court of the continued discovery issues by letter, and a conference call was held with all counsel to discuss. *See* Doc. Nos. 31, 32, and 33. Following that call, and at this Court's direction, Plaintiff filed a Motion to Compel the Depositions of Kevin Secotte and Ashley Secotte and to Compel Defendant's [Kevin's Produce] Responses to Plaintiff's Discovery Requests on April 3, 2024. *See* Doc. No. 34. On April 23, 2024, having received no response in opposition, the undersigned granted Plaintiff's Motion and ordered Kevin's Produce to comply within thirty (30) days, or risk the imposition of sanctions upon further application of the Court. *See* Doc. No. 37.[1]

Despite this, Kevin's Produce failed to appear for any deposition or to otherwise respond to Plaintiff's discovery requests, thus prompting Plaintiff to file the instant Motion for Sanctions on May 29, 2024. *See* Doc. No. 39. In doing so, Plaintiff recounted the extensive efforts he has taken to secure Kevin's Produce's cooperation, and argued why it was appropriate for the Court to strike Defendant Kevin Produce's Answer. Specifically, Plaintiff cited to *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863 (3d Cir. 1984) in which the Third Circuit laid out six factors to analyze when a trial court considers dismissal or default judgment for lack of participation in the discovery process. *See* Doc. No. 39 at 5-7. In this regard, Plaintiff argued that Kevin's Produce principals, Mr. and Mrs. Secotte, are "solely responsible" for their wanton and willful disobedience of their discovery obligations, that there is a significant history of dilatoriness on their part, and that Plaintiff has expended significant costs to obtain court orders in an effort to compel their

---

[1] On April 29, 2024, the Court also filed a revised Scheduling Order, which set the discovery deadline as August 22, 2024. *See* Doc. No. 38.

cooperation. *Id.* Plaintiff also explained that any other sanction short of striking Kevin's Produce's Answer would be frivolous, noting that Plaintiff's attempts to date "have been a complete and total waste of time and resources." *Id.* at 7.

On June 10, 2024, the undersigned convened a telephone status conference with all counsel to discuss the pending Motion. *See* Doc. Nos. 40 and 42. Two days later, the Parties filed a letter signaling their agreement for an extension of time for Kevin's Produce to respond to Plaintiff's Motion. *See* Doc. No. 43. In relevant part, the letter explained that defense counsel "had substantive contact with Mr. Secotte," on June 12, 2024, and that Mr. Secotte provided an updated email address, confirmed his cell-phone number, and represented that he would provide documents that same day. *Id.* The letter also noted that counsel discussed the case with Mr. Secotte including any possible consequences if he continued to remain non-compliant. *Id.*

On June 13, 2024, the Court entered the Parties' joint agreement and set the deadline to file a Response to Plaintiff's Motion by June 20, 2024. *See* Doc. No. 44. Defendant Kevin's Produce complied, and a Response was filed by the above-referenced deadline. *See* Doc. No. 45. In doing so, Kevin's Produce strongly opposed the motion, arguing that Plaintiff misrepresented the relevant facts relating to the discovery that has been exchanged, that Plaintiff has failed to demonstrate how the absence of Kevin's Produce to date has prejudiced the prosecution of his case, and that at this juncture, the requested sanctions are excessive and unnecessary given that counsel has recently made substantive contacts with Kevin's Produce. *See* Doc. No. 45-3. Regrettably, however, Defendant's brief confirmed that despite his prior representations that materials would be forthcoming, and despite being aware of the consequences, counsel still has not yet received anything from his client as of the filing of the Response. *Id.* at 3.

The Motion is now ripe for disposition.

4

II.     STANDAR OF REVIEW

"District courts have inherent authority and broad discretion to use sanctions when necessary to ensure compliance with pretrial orders" *Donofrio v. Ikea US Retail, LLC*, No. CV 18-599, 2024 WL 1998094, at *22 (E.D. Pa. May 6, 2024) (citing *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007)). Rule 32(b)(2) further authorizes sanctions for violations of pretrial orders and discovery orders, noting that if a party disobeys an order to provide or permit discovery, the Court may, for example, strike pleadings in whole or in part, stay further proceedings until the order is obeyed, or even dismiss the action or proceeding in whole or in part. *See* Fed. R. Civ. P. 37(b)(2).

However, "[w]hen a district court considers a sanction that may be 'tantamount to default judgment,'… the Third Circuit requires consideration and balancing of the six factors derived from *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984)." *Donofrio*, No. CV 18-599, 2024 WL 1998094, at *22 (internal citation omitted). These include the extent of the party's personal responsibility, a history of dilatoriness, whether the conduct was willful or in bad faith, whether the allegations in the pleadings support recovery, prejudice to the other party, and the appropriateness of alternative sanctions. *Id.* "Each of the six factors need not be present to permit sanctions." *Id*. (citation omitted).

In lieu of those sanctions noted under Rule 37(b)(2)(A), the court may "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* at *24 (quoting Fed. R. Civ. P. 37(b)(2)(C)). Monetary sanctions of this sort, "do not require a finding of bad faith or intentional wrongdoing to justify awarding sanctions." *Id.* (citation omitted). Nevertheless, the court must

5

consider the "degree of the sanction in light of the severity of the transgression which brought about the failure to produce." *Tracinda Corp.*, 502 F.3d at 241.

## III.     DISCUSSION

In their instant Motion, Plaintiff insists that all six of the *Poulis* factors have been met, thus warranting their sought-after relief—i.e., that the Court strike Defendant Kevin Produce's Answer and Affirmative Defenses. The Court agrees that Kevin's Produce is responsible for the present and significant discovery delays to-date, and that there is, at this point, a well-documented history of dilatoriness on their part. *Id.*[2]

Plaintiff further insists that he cannot prosecute his claims against *both* defendants without the relevant discovery that Plaintiff has requested from Defendant Kevin's Produce. *See* Doc. No. 39-2 at 6. He explains that because of Defendant's conduct, he has had to expend significant costs to obtain court orders, but nevertheless has still been deprived of necessary information to support his claims. *Id.* This prejudice, according to Plaintiff, together with the absence of alternative sanctions, warrants the striking of Kevin Produce's Answer. *Id.* at 7.

The Court, however, is not convinced. First, Plaintiff has not sufficiently established through his Motion how Kevin's Produce's nonfeasance has impacted his claims as against Mr. Davis, who has otherwise honored his discovery obligations. Next, the Court observes that the discovery deadline is August 22, 2024, and therefore, Plaintiff still has nearly 60 days to collect additional information relevant to prosecuting his claims. Moreover, per Defendant's Response,

---

[2] Defendant Kevin's Produce disagrees with Plaintiff's characterization of the Joint Status Report, noting that it never stated that Kevin's Produce "will not cooperate in this litigation." See Doc. No. 45 at 3. Defendant's counsel acknowledges that his client has been "difficult to track down," but insists that it was "never stated, in any uncertain terms, that Kevin Secotte and Ashley Lento [Secotte] would not cooperate in this litigation and that phrase does not appear in the Joint Status report." *Id*. Regardless of how the report is characterized, it is clear that Kevin's Produce has repeatedly ignored its discovery obligations.

Mr. Secotte has now been in contact with his counsel, he understands the consequences of remaining non-compliant, and he indicated that documents will be forthcoming. Given this, the Court does not believe it is appropriate to impose a sanction that is tantamount to default judgment.

Nevertheless, the Court further recognizes that Kevin's Produce's actions to-date have necessitated wasteful and expensive motion practice, which all could have been avoided by simply responding to its counsel's messages. Moreover, Kevin's Produce has already once disregarded this Court's prior Order compelling its compliance with the basic rules of discovery, and has not yet produced documents to its counsel despite representing that responsive materials would be forthcoming. As such, and as noted in the Order filed contemporaneously with this Opinion, the Court: (1) directs Kevin's Produce to respond to all of Plaintiff's outstanding discovery requests within fourteen (14) days of this filing, *without objection*; (2) directs Mr. Secotte and Ashley Secotte to appear for a deposition within thirty (30) days of this filing; and (3) directs Plaintiff to file a proposed order for the Court's consideration, which directs Kevin's Produce to pay for Plaintiff's reasonable attorneys' fees for having to prepare and file both his first Motion to Compel, *see* Doc. No. 34, and the instant Motion for Sanctions, *see* Doc. No. 39, within thirty (30) days of this filing.[3] The Court further underscores that should Kevin's Produce *again* fail to comply with this Order, Plaintiff may apply for further sanctions including, and up to, the striking of its Answer and additional monetary sanctions.

---

[3] This proposed order should specify a specific sum to be paid by Defendant Kevin's Produce and how and by when payment should be made. The filing should also be accompanied with supporting documentation setting forth the reasonableness of the proposed fees.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions is Denied in-part and Granted in part. An appropriate Order follows.

BY THE COURT:

*s/Pamela A. Carlos*
PAMELA A. CARLOS
U.S. Magistrate Judge

Date:    June 24, 2024